UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EDWARD HAWKINS, ) | CASE NO.   5:08 CV 1548 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE SARA LIOI |
| vs. ) | |
| ) | |
| NATIONAL CITY BANK, ) | |
| ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
| Defendant. ) | |

Plaintiff *pro se* Edward Hawkins filed the above-captioned *in forma pauperis* complaint on June 26, 2008 against defendant National City Bank Vice President Georgan Lyons Cornicelli. Mr. Hawkins asserts "that exclusionary laws U.S. Sec. 699.720 & 703.140; USC 42 1380 & 81; USC 42 1350; and case law Usher v. Schweikers supra 666 F2d 652 [(1st Cir. 1981)] & others which I can present exempt plaintiff from judgments, punishments & enforcements."[1] (sic) (Compl. at 1.) Further, because "banks are considered federal entities [sic] S.S.I. being federally funded direct deposit of plaintiff monies are at National City Bank . . . therefore this ct. has jurisdiction." (Compl. at 1.) He seeks injunctive relief as well as $50,000.00 in damages to "send a message to banks for unscrupulous banking practices." (Compl. at 1.)

*Background*

At some point prior to June 9, 2008, Mr. Hawkins had an available bank balance

---

[1] The only statutes of relevance that the court can discern from what Mr. Hawkins cites in his complaint are: 42 U.S.C. §§ 1350, 1380 and 1381.

of $78.00 in his National City Bank (NCB) account. He says he verified this fact by telephone with the bank's Customer Service department.

On June 9, 2008, plaintiff wrote a check in the amount of $70.00, which he endorsed that day for cash at the NCB branch in Garland, Ohio. Shortly thereafter, he received a form letter from NCB dated June 10, 2008. The letter explained that there were insufficient funds in his account to cover a debit of $37.89 received by the bank on June 10, 2008. As a result the overdraft, NCB charged Mr. Hawkins a $36.00 fee. This placed his account balance in a negative status and he was advised that he would be charged an additional $8 per day "continuous overdraft fee" if, after three days, the account failed to return to a positive balance.

Mr. Hawkins asserts that NCB was aware that he did not "have the means to replenish his account until 7/1/08." He maintains that the bank's decision to charge him overdraft fees under these circumstances was "unscrupulous."

*Standard of Review*

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss any claim under 28 U.S.C. §1915(e) if it fails to state a basis upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of*

---

[2] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

*Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

## "EXCLUSIONARY LAWS"

Mr. Hawkins alleges he is "exempt from judgements [sic], punishments & enforcements" because of the "exclusionary laws." The only statute to which this term might refer is 42 U.S.C. § 1382a(b), regarding exclusions from "Supplemental Security Income for Aged, Blind, and Disabled" individuals. The statute sets forth that "[i]n determining the income of an individual (and his eligible spouse) there shall be excluded" a number of revenue sources for individuals entitled to SSI benefits.

In the *Usher* case, upon which Mr. Hawkins relies in his complaint, the plaintiffs were recipients of SSI benefits who lived in apartments owned by their children. The rental amounts paid by the plaintiffs were significantly less than fair market value. In each case, the Secretary of Health reduced or terminated their benefits in accordance with 20 C.F.R. § 461.1125(d).[3] After failing to prevail, in part, before the district court, the Secretary appealed. The First Circuit Court of Appeals held that the regulation requiring a reduction of SSI benefits, by including the difference between the fair market value of a rental accommodation and lower rental payment made by recipients as part of the recipients' unearned income, did not unconstitutionally discriminate between such recipients and recipients who lived in federally

---

[3] Effective September 8, 2006, the relevant regulation was replaced by 20 C.F.R. § 461.1123. It defines what the Secretary, pursuant to his general rulemaking authority, has promulgated to define and describe the treatment accorded "income [. . .] in kind." of any property or service which he can apply either directly or by sale or conversion to meeting his basic needs for food, clothing, and shelter." *See* 20 C.F.R. § 416.1102.

subsidized housing. The court reasoned that the congressional determination not to reduce the benefits of those who lived in subsidized housing was rationally related to the legitimate legislative objection of making subsidized housing more attractive to SSI recipients.

Unlike *Usher*, the case before this court does not involve a determination of what qualifies as "income" under 42 U.S.C. § 1382a. While the court does not question whether Mr. Hawkins receives SSI benefits, he has failed to state a claim that NCB's actions violate the relevant statute. The purpose of the statute is to clearly articulate those benefits to which an SSI recipient may be entitled to receive without the penalty of any offset. The amount of benefits from SSI that Mr. Hawkins receives have not been changed as a result of NCB's actions. The fact that Mr. Hawkins's bank account has been assessed fees he characterizes as unscrupulous is a matter between NCB and Mr. Hawkins, regardless of the source of the funds in plaintiff's account.

## *Conclusion*

For all the foregoing reasons, Mr. Hawkins is granted leave to proceed *in forma pauperis* and his complaint is dismissed pursuant to 28 U.S.C. § 1915(e). The court certifies that an appeal from this dismissal could not be taken in good faith.[4]

**IT IS SO ORDERED**.

Dated: August 19, 2008

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[4] 28 U.S.C. § 1915(a) (3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."